**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| Michael Brawer, et al. |
| |
| Plaintiffs, |
| |
| -against- |
| |
| Egan-Jones Ratings Company, et al., |
| |
| Defendants. |

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:**_____
**DATE FILED:**___08/07/2024___

1:24-cv-01895 (AT) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

The above-entitled action has been referred to the undersigned for general pretrial purposes and for disposition of the motion to seal. (Order of Ref., ECF No. 29.)

Three documents have been filed in their entirety under seal on the ECF docket, *i.e.*, ECF Nos. 21, 26 and 27. A three-step inquiry governs the decision to seal a particular record. *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)). First, the court determines whether the record at issue is a "judicial document." *Id*. If it is, a presumption of access attaches, and the court proceeds to step two, where it "determine[s] the weight" to accord to "the presumption of access." *Id*. (citations omitted). "[T]he role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts" governs this determination. *Id*. (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). At step three, the court balances this presumption against countervailing factors that "legitimately counsel against disclosure of the judicial document." *Id*.

In conducting this inquiry, a court must "review the documents individually and produce 'specific, on-the-record findings that sealing is necessary to preserve higher values.'" *Brown v. Maxwell*, 929 F.3d 41, 48 (2d Cir. 2019) (quoting *Lugosch*, 435 F.3d at 124). A document only may be sealed if a court determines that doing so is necessary to preserve higher values. *Id*. at 47. Even then, any such order must be "narrowly tailored" to redact or seal no more than necessary. *Id*. (quoting *Lugosch*, 435 F.3d at 124).

Accordingly, the parties shall meet and confer and, no later than August 16, 2024, file to the ECF docket redacted versions of ECF Nos. 21, 26 and 27, redacting only those portions that one or both of the parties contend need to remain under seal. In addition, if they choose to do so, one or both of the parties may file a letter to the ECF docket, no later than August 16, 2024, providing any arguments in support of, or in opposition to, the sealing of the redacted portions of ECF Nos. 21, 26 and 27.

Separately, no later than September 30, 2024, the parties shall file a joint letter regarding the status of discovery.

**SO ORDERED.**

DATED:    New York, New York
          August 7, 2024

_____
STEWART D. AARON
United States Magistrate Judge