Petrillo Klein + Boxer

655 Third Avenue, 22nd Fl.
New York, NY 10017

T: 212.370.0330
www.pkbllp.com

**ADAM H. SCHUMAN**
aschuman@pkbllp.com
D: 212.370.0390
M: 917.574.0883

August 16, 2024

**VIA ECF**

Hon. Stewart D. Aaron
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Michael Brawer and Philip Galgano v. Egan-Jones Rating Company and Sean Egan*
      **No. 24-cv-1895 (AT)**

Dear Judge Aaron:

      This firm represents Plaintiffs Michael Brawer and Philip Galgano in the above-referenced whistleblower-retaliation action. Pursuant to Your Honor's Order of August 7, 2024, we respectfully submit this letter in opposition to redactions proposed by Defendants to ECF Nos. 21, 26 and 27. For sake of clarity, this letter does not review all of Defendants' proposed redactions individually, but addresses by category the issues in dispute between the parties. Plaintiffs take the position that Defendants do not make the requisite showing for <u>any</u> of their proposed redactions.[1]

      As directed by the Court, counsel for Plaintiffs (Adam Schuman, Emma Spiro and Yevgeniya Lotova) and Defendants (Andrew Rosenman, Gina Del Tatto and Kyla Miller) conducted a meet-and-confer session on August 14, 2024, from approximately 4:00 to 4:35 pm. When specifically asked, Defendants' counsel stated that they were not prepared to advance any arguments to support Defendants' proposed redactions beyond those stated in ECF No. 26, which Plaintiffs previously addressed in ECF No. 27. Accordingly, Plaintiffs respectfully incorporate their arguments from ECF No. 27 herein.

      A. <u>Defendants do not meet their burden for their proposed redactions concerning the investigation by Mayer Brown LLP.</u> Most of the redactions proposed by Defendants concern statements relating to the investigation by Mayer Brown LLP of complaints by Plaintiffs of wrongdoing by Defendants. For the reasons set forth below, Defendants have not met their burden. (Section B of this letter addresses other proposed redactions by Defendants raising different issues.)

      First, a presumption of access applies because these judicial documents relate to significant rights of the litigants, including Plaintiffs' application for the disqualification of Mayer Brown LLP, thereby directly affecting Defendants' ability to retain its counsel of choice. Here, the disqualification application turned on an investigation conducted by Mayer Brown LLP of claims which Plaintiffs allege led to their retaliatory termination by Defendants – which complaints Defendants have asserted, in their Answer, to

---

[1] Plaintiffs file this letter under seal, consistent with the Court's prior Orders, so as to avoid inadvertent disclosure of matters that the Court may determine are subject to sealing. Upon the Court's ruling on Defendants' application to seal, Plaintiffs propose to unseal and/or redact this letter in a manner consistent with the Court's ruling.

# Petrillo Klein + Boxer

have lacked a reasonable basis – and the issues accordingly are of great significance to the rights of Plaintiffs as well. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006).

  Second, Defendants cannot overcome the presumption with any countervailing interest. Although the attorney-client privilege might provide such an interest in certain circumstances, Defendants cannot meet their burden of proof that the privilege applied to the materials they seek to redact. *See United States v. Amodeo,* 71 F.3d 1044, 1052 (2d Cir. 1995). As previously set out by Plaintiffs (*see* ECF 27), no privilege could apply because: (a) Mayer Brown LLP conducted the investigation for the independent directors having statutory responsibilities to oversee the proper handling of the complaints – independently of Defendants – and therefore Defendants were not the client for purposes of privilege and determining the scope of any disclosure; (b) communications to Plaintiff Brawer were not made in confidence, given his duties as DCO which required him to share information with the SEC, as Defendants acknowledged when excluding him from potentially privileged communications[2]; and (c) Mayer Brown LLP represented to Plaintiff Brawer that the same information – which Defendants now seek to cloak with privilege – would be disclosed to the SEC, and this assurance give to the DCO of disclosure to the SEC also defeats any claim of privilege, i.e., the same information either was shared with the SEC, or certain information from the investigation was improperly withheld from the SEC. *See Allianz Glob. Invs. GmbH v. Bank of Am. Corp,* 609 F. Supp.3d 287 (S.D.N.Y. 2022) (attorney-client privilege does not apply to document intended to be disclosed to third parties).

  Third, even if the attorney-client privilege otherwise would apply, Defendants have waived the privilege by placing at issue in this litigation whether the complaints made by Plaintiffs had a reasonable basis. *See* Dkt. 19, Answer at 60 (alleging that "Plaintiffs' apparent beliefs that Defendants violated the law were not reasonable."). Plaintiffs previously set out the grounds for Defendants' "at issue" waiver in the very documents that Defendants now seek to redact. *See* ECF 27. In this whistleblower retaliation suit, Defendants claim that no reasonable basis exists for Plaintiffs' belief that Defendants violated the federal securities laws, and Defendants therefore should not be permitted to limit disclosure surrounding those violations based upon a purported attorney-client privilege. *See In re County of Erie*, 546 F.3d 222, 229 (2d Cir. 2008) (privilege waived "when a party uses an assertion of fact to influence the decisionmaker while denying its adversary access to privileged material potentially capable of rebutting the assertion" (citation omitted)); *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir.), *cert. denied*, 502 U.S. 813 (1991) (a party may "not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes."); *Mitzner v. Sobol*, 136 F.R.D. 359 (S.D.N.Y. 1991) (waiver of privilege and work product by defendant's invoking affirmative defense in whistleblower retaliation case placing "at issue" the investigation and the resulting advice to defendant); *see also Barbini v. First Niagara Bank, N.A.*, 331 F.R.D. 454, 462 (S.D.N.Y. 2019) (waiver of privilege where defense "implying that the sexual harassment investigation was handled according to protocol and had nothing to do with their subsequently firing Plaintiffs").

---

[2] During the parties' meet-and-confer on August 14, 2024, Defendants' counsel stated that the DCO lacked authority to make disclosures to the SEC without permission of Defendant EJR, which contradicts the Dodd-Frank Act and the fundamental role of a compliance function in a regulated entity. *See* 15 U.S.C.A. § 78o-7(j). In addition, Defendants' counsel adopted the blanket position that all communications in the presence of Defendant EJR's in-house counsel are covered by the attorney-client privilege, which plainly is not the law. *See, e.g., Mazzocchi v. Windsor Owners Corp.*, 2020 WL 4038342 at *1 (S.D.N.Y. July 17, 2020) ("including [attorney] as a 'cc' to the emails does not make the communications privileged"); *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 17 F. Supp.3d 400, 404-05 (S.D.N.Y. 2014) (party asserting attorney-client privilege must establish every element, including that communication is "for the purpose of obtaining or providing legal advice"; "not all conversations between an attorney and a client are privileged.").

# Petrillo Klein + Boxer

Fourth, the "higher values" at hand weigh strongly in favor of public access to these materials. *See Brown v. Maxwell*, 929 F.3d 41, 48 (2d Cir. 2019). The proper management of conflicts of interest is a core obligation of a credit rating agency, as to which the Dodd-Frank Act and the SEC seek to bring the utmost transparency. *See, e.g., SEC Staff Report on NRSROs,* at 39-43 (Feb. 2024) (discussing importance of transparency and management of conflicts of interest) (available at https://www.sec.gov/files/feb-2024-ocr-staff-report.pdf).[3] These priorities apply forcefully here, where the SEC previously issued as Order as to Defendants: (a) finding willful violations of the securities laws; (b) requiring training to avoid repeat offenses; and (c) putting in place an Independent Consultant who, as discussed in ECF Nos. 21 and 27, publicly raised issues with the lack of transparency provided to him about Mayer Brown LLP's investigation. *See SEC Order, In the Matter of Egan-Jones Ratings Co. and Sean Egan* (June 21, 2022) https://www.sec.gov/files/litigation/admin/2022/34-95127.pdf. Given this history, the public has a heightened interest in monitoring the conduct of Defendants, whom Plaintiffs allege to have continued to violate the securities laws, in contravention of the prior Order.

For the reasons stated above, Defendants' proposed redactions of statements relating to the investigation conducted by Mayer Brown LLP should be denied.

B. <u>Defendants do not meet their burden for other proposed redactions.</u> Defendants propose several additional redactions, for which Defendants also fail to meet their burden. Specifically:

(a) Defendants seek to redact from ECF 21 (at 2, mid-page) and ECF 26, Brawer Decl. ¶ 7, language that restates the content of the Independent Consultant's report <u>provided to the SEC</u>, which therefore cannot be privileged.

(b) Defendants seek to redact from ECF 27, at 3 fn. 2, and ECF 27, Brawer Decl. Ex. E ¶¶ 40, 44, 46, 53, ███████████████████████████████████████████. Defendants contend that such statements are privileged due to the presence of in-house counsel; Plaintiffs contend that Defendants have not established privilege and, even if the statements somehow were privileged, "at issue" waiver would apply given that Defendants deny Plaintiffs' retaliation claims in this litigation. Defendants cannot cloak their ███████████ – indeed, ███████████████████████████████ – by claiming privilege based on the presence of in-house counsel.

(c) Defendants seek to redact from ECF 27, at 4, and ECF 27, Brawer Decl. Ex. E ¶ 51, language in which ███████████████████████████████████. Defendants contend that the statement sought legal advice; Plaintiffs contend that the statement seeks no legal advice and, if anything, confirms that Mayer Brown LLP was engaged to act independently on behalf of the independent directors and, accordingly, Defendant EJR cannot assert any privilege to this statement or any others related to the investigation by Mayer Brown LLP.

---

[3] The *SEC Staff Report* identified two findings of "material regulatory deficiencies" which correlate to two complaints made by Plaintiffs, in retaliation for which Defendants terminated them. *Compare SEC Staff Report* at 14-15, f.1 *and* Dkt. 1, Compl. ¶¶ 72-77 (regarding "Points System for Rating Analysts that Interjected Sales and Marketing Considerations into the Ratings Process"); *compare SEC Staff Report* at 15, f.2 *and* Compl. ¶¶ 40-48 (regarding "Violation of Conflict-of-Interest Rules in Connection with an Individual Private Rating"). The recital of these events in the *SEC Staff Report* confirms the public's interest in transparency in these matters.

Petrillo Klein + Boxer

(d) Defendants seek to redact from ECF 27, at 5, language in which Mayer Brown LLP informed Plaintiff Brawer that the same information provided to him about the investigation would be provided <u>to the SEC</u>. Defendants contend that the statement constitutes legal advice; Plaintiffs contend that this is not legal advice in its content, in its conveyance to the DCO, and in the fact that Mayer Brown LLP expressly represented that the content would be shared with the SEC. Further, even if the communication were privileged, at-issue waiver would apply.

(e) Defendants propose to redact ECF 27, Brawer Decl. Ex. E ¶¶ 12, 14, 16, 17, involving the handling of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, as well as ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Defendants contend that attorney-client privilege applies due to the presence of in-house counsel; Plaintiffs contend that these compliance matters being addressed by Plaintiff Brawer (the DCO) are not covered by privilege merely because in-house counsel is present.

(f) Defendants propose to redact ECF 27, Brawer Decl. Ex. E ¶¶ 65, 68, 71, involving statements to Plaintiff Brawer that he could not participate in certain meetings because, according to Defendants, the attorney-client privilege would not apply if he attended. Defendants contend that attorney-client privilege applies to these communications; Plaintiffs contend that no privilege applies, that these communications acknowledge that no privilege could apply to any communication in which Plaintiff Brawer participated, and that Defendants should be estopped from asserting otherwise in this proceeding.

(g) Defendants propose to redact ECF 27, Brawer Decl. Ex. E ¶ 83, in which in-house counsel informs Plaintiff Brawer that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Defendants contend that the attorney-client privilege applies; Plaintiffs contend that no privilege applies, which the communication itself confirms ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

For the reasons stated above, as well as in ECF No. 27, Plaintiffs respectfully request that the Court not seal any portion of ECF No. 21, 26 and 27.

Respectfully submitted,

PETRILLO KLEIN & BOXER LLP

By: _____
Adam H. Schuman
Emma Spiro
Yevgeniya Lotova
655 Third Avenue
22nd Floor
New York, New York 10017
Telephone: (212) 370-0330
aschuman@pkbllp.com

*Counsel for Plaintiffs*

4