# MAYER | BROWN

Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
United States of America

T: +1 312 782 0600
F: +1 312 701 7711

mayerbrown.com

August 29, 2024

**FILED VIA ECF**

**Andrew S. Rosenman**
Partner
T: +1 312 701 8744
F: +1 312 706 8775
arosenman@mayerbrown.com

The Honorable Stewart D. Aaron
United States Magistrate Judge
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *Brawer, et al. v. Egan-Jones Ratings Co., et al.*,
         Case No. 24-cv-1895 (AT) (SDA)

Dear Judge Aaron:

Our law firm, Mayer Brown LLP ("MB"), represents Defendants Egan-Jones Ratings Co. ("EJR") and Sean Egan ("Egan") in the above-referenced case. Pursuant to Your Honor's August 27, 2024 Scheduling Order (ECF No. 40), Defendants submit this response to Plaintiffs' August 26, 2024 Letter Motion ("Letter Motion") (ECF No. 39), in which Plaintiffs raise two issues concerning the Proposed Protective Order in this case. The Parties reached an impasse on these two points during their meet-and-and confer call on August 22, 2024.

The parties' first disputed issue involves Plaintiffs' request to add new language to Your Honor's Model Protective Order ("MPO"). Plaintiffs seek to add the following new paragraph 13:

> This Order shall in no way restrict or limit Plaintiffs from continuing to pursue their whistleblower complaints made to the Securities and Exchange Commission ("SEC") of potential violations of the federal securities laws by Defendants and from continuing to provide information from the SEC in any related investigations, including by Plaintiffs' providing Discovery Material and Confidential Information to the SEC without notice to Defendants. (*See* ECF No. 39, Exhibit ("Ex.") A, ¶ 13).

Relatedly, Plaintiffs seek to add the phrase "from a non-governmental entity" in paragraph 12 of the MPO. *Id.* According to Plaintiffs, failing to include this language in paragraphs 12 and 13 could limit their ability to communicate with the SEC, in (purported) violation of 17 CFR § 240.21F-17.

Your Honor should deny Plaintiffs' request to add these provisions to the MPO. Plaintiffs cite no precedent to support their assertion that the absence of their proposed additional language in paragraphs 12 and 13 would violate 17 CFR § 240.21F-17. That regulation, which addresses "staff communications with individuals reporting possible securities law violations," states in relevant part that "[n]o person may take any action to impede an individual from communicating directly with the Commission staff about a possible securities law violation, including enforcing, or threatening to enforce, a confidentiality agreement […] with respect to such communications." 17 CFR § 240.21F-17(a). Nothing about the MPO violates that regulation.

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England & Wales), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian law partnership).

771501831.1

The Honorable Stewart D. Aaron
August 29, 2024
Page 2

Under Plaintiffs' flawed theory, the MPO must provide an explicit, affirmative right to Plaintiffs to provide any discovery materials they want to the SEC. But a party in *any* lawsuit could level the exact same complaint—not just about the MPO used by Your Honor, but about any protective order (model or otherwise) that does not include such sweeping rights. Through the Letter Motion, Plaintiffs essentially seek a judicial imprimatur that they may disclose whatever discovery materials they want, whenever they want, to the SEC, and without regard to whether such materials and information are, for example, protected by the attorney-client privilege and/or the attorney work product doctrine. But courts do not issue such advisory opinions, especially where, as here, the Letter Motion alleges only that the MPO *could* limit Plaintiffs' ability to pursue their whistleblower claims, not that it *will* limit or *has* limited their ability. *O'Reilly v. Mackris*, 556 F. Supp. 3d 166, 172 n.4 (S.D.N.Y. 2021) ("The Court is prohibited from issuing advisory opinions."). Furthermore, the Complaint is replete with allegations that Plaintiffs already have communicated with SEC personnel on many occasions. *See* ECF No. 1, ¶¶ 100-119.

Finally, nothing in the MPO prevents, or purports to limit, the SEC itself from seeking documents and other information directly from Defendants. Indeed, the SEC previously issued multiple document requests to Defendants for documents, and Defendants have produced documents in response to those requests. For this additional reason, Plaintiffs' request to add to the MPO their new paragraph 13 and their proposed additional language in paragraph 12 should be denied.

The parties' second disputed issue involving the MPO is Defendants' request to include a new paragraph to account for the "unusual" nature of this case, as Your Honor noted during the August 22, 2024 hearing, in which Plaintiffs already possess Defendants' privileged communications. *See* Transcript at 31. Plaintiffs may intend to produce and/or use such privileged materials during discovery, so Defendants propose to add the following paragraph 20 to the MPO:

> In the event a Receiving Party believes that its own Privileged Material has been inadvertently produced without redaction, that party may upward designate such material as Privileged Material. Upward designation shall be accomplished by providing written notice to all parties identifying (by Bates number or other individually identifiable information) the Discovery Material to be redacted as Privileged Material. Any party may object to the proposed redactions of Privileged Material. Parties will address their dispute to this Court in accordance with Section II of Magistrate Judge Aaron's Individual Practices. (*See* ECF 39, Ex. A at 10, ¶ 20).

There is good cause to include this additional paragraph, as it would allow a Receiving Party to upwardly designate materials as "Privileged Material" in order to avoid the exact scenario that led to the issuance of the Court's August 22, 2024 Order ("August 22 Order"). *See* ECF No. 38. In the August 22 Order, Your Honor emphasized that attorney-client privileged communications are "sacrosanct" (Transcript at 32), and concurred with Defendants that every one of the challenged communications at issue should remain sealed based on Defendants' proper

Mayer Brown LLP

The Honorable Stewart D. Aaron
August 29, 2024
Page 3

invocation of attorney-client privilege and/or work product protection. ECF No. 38. MB appropriately and narrowly tailored its redactions to reflect attorney-client privileged communications and/or work product related to: (a) MB's internal investigation of certain allegations in 2023, and (b) conversations by and between EJR's former General Counsel (Vincent Basulto) or current General Counsel (Eric Mandelbaum) and EJR employees. The language that Defendants seek to add in paragraph 20 of the MPO provides Defendants with a necessary mechanism to protect against the very real threat that Plaintiffs will continue to disclose and/or use information that is protected by attorney-client privilege and work product, and where there has never been a waiver of those protections.

As discussed in Defendants' August 16, 2024 letter to the Court (ECF No. 36), the attorney-client privilege belongs to the client and cannot be waived by a non-client who is the opposing party in litigation, and, moreover, any purported waiver must come from an authorized representative of the client itself. *See, e.g., Winans v. Starbucks Corp.*, 2010 WL 5249100, at *3 (S.D.N.Y. Dec. 15, 2010). While one or both Plaintiffs do possess privileged documents and/or have knowledge of privileged communications by virtue of their former roles at EJR (e.g., Brawer was the company's Designated Compliance Officer), such knowledge does not afford Plaintiffs the unfettered right to disclose (or unseal) privileged communications or attorney work product to anyone—including personnel at the SEC—who did *not* have such knowledge and was *not* privy to the underlying communications. Otherwise, Plaintiffs could simply effect an end run around the same protections that Your Honor has stressed are "sacrosanct." Similarly, Plaintiffs cannot self-redact responsive, privileged materials, as the privilege belongs to Defendants, not to Plaintiffs.

Further, for the reasons stated on the record by Your Honor during the August 22 hearing, Defendants' proposed addition of paragraph 20 to the MPO will not prejudice Plaintiffs in any way.[1] As Your Honor stated, Plaintiffs can continue to make whatever arguments they like regarding the contents of the communications as they continue to litigate this case. Further, Defendants' proposed paragraph 20 is not one-sided; it specifically provides any of the parties with the ability to object to the proposed redactions of Privileged Material and with a mechanism to address the dispute with the Court, pursuant to Section II of Your Honor's Individual Practices. This too negates any claim by Plaintiffs of potential prejudice.

Thus, Defendants respectfully request that the Court reject Plaintiffs' proposed language in paragraph 12 and their new paragraph 13 in the MPO, and also accept Defendants' language in their new paragraph 20 in the MPO.

---

[1] The transcript of the August 22 hearing states on page 33 that "defendants are not harmed by this ruling." Defendants respectfully submit that Your Honor actually intended to refer to "Plaintiffs" in that sentence, given that Your Honor agreed with Defendants' argument in support of maintaining the letters (as partially redacted) under seal.

The Honorable Stewart D. Aaron
August 29, 2024
Page 4

Very truly yours,

**/s/ Andrew S. Rosenman**

Andrew S. Rosenman
Partner