```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/02/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Michael Brawer et al., <br><br> Plaintiffs, <br><br> -against- <br><br> Egan-Jones Ratings Company et al., <br><br> Defendants. | 1:24-cv-01895 (AT) (SDA) <br><br> OPINION AND ORDER |

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is a Letter Motion filed by Defendant Wenrong Hu ("Hu"), pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for a stay of discovery with respect to Hu pending resolution of Hu's anticipated motion to dismiss the First Amended Complaint ("FAC"). (Hu's 12/20/24 Ltr. Mot., ECF No. 92.) For the reasons set forth below, Hu's Letter Motion is DENIED.

## BACKGROUND

On March 13, 2024, Plaintiffs Michael Brawer and Philip Galgano (together, "Plaintiffs") filed a Complaint against Defendants Egan-Jones Ratings Company ("EJR") and Sean Egan ("Egan")[1] alleging two claims for relief—a claim for retaliation in violation of the Dodd Frank Wall Street Reform and Consumer Protection Act of 2010, 15 U.S.C. § 78u-6(h), and a claim for retaliation in violation of New York Labor Law § 740. (Compl. ¶¶ 140-66.) Plaintiffs alleged that,

---

[1] Egan is the founder, sole shareholder and chief executive officer of EJR. (Compl., ECF No. 1, ¶ 8.) In the Complaint, Hu, who is Egan's spouse, was named as a "[n]onparty." (*Id*. ¶ 9.) Until she resigned on or about August 8, 2023, Hu had served as the Director of Operational Development and as Chief Operating Officer of EJR. (*Id*.) Plaintiffs alleged that, even after August 8, 2023, Hu remained involved in EJR's operations even after her resignation. (*See* Compl. ¶¶ 67-70.)

as a result of their good faith reports of potential violations of federal securities law, they were harassed and threatened with demotion and termination of their employment at EJR and that, after Plaintiffs submitted their formal whistleblower complaints to the Securities and Exchange Commission, EJR terminated their employment using the false pretense of a reorganization, when in fact the terminations were in retaliation for their reports of illegal conduct. (*Id*. ¶ 3.) In the Complaint, Plaintiffs stated that they "reserve[d] the right to pursue an additional claim under the anti-retaliation provision of the Sarbanes-Oxley Act of 2002 ('SOX'), 18 U.S.C. § 1514A(b)(1)(B), after exhausting Plaintiffs' administrative remedies under SOX." (Compl. at 3 n.1.)

On May 13, 2024, Defendants EJR and Egan filed their Answer to the Complaint. (EJR & Egan Ans. to Compl., ECF No. 19.) On May 14, 2024, District Judge Torres entered a Joint Civil Case Management Plan setting a deadline for completion of fact discovery of January 31, 2025 and a deadline for completion of expert discovery of March 31, 2025. (5/14/24 Case Mgt. Plan, ECF No. 20, at 1-2.)

On October 7, 2024, Plaintiffs filed a Letter Motion seeking to amend their Complaint to add a third claim for relief alleging retaliation in violation of SOX, having exhausted administrative remedies, and to name Wu as an additional defendant in this action. (Pls.' 10/7/24 Ltr. Mot., ECF No. 55; Redlined Am. Compl., ECF No. 55-1 at pp. 1-4, 43-45.) On October 18, 2024, the Court granted Plaintiffs' motion to amend. *See Brawer v. Egan-Jones Ratings Co.*, 347 F.R.D. 650, 654 (S.D.N.Y. 2024).

On October 24, 2024, Plaintiffs filed their FAC. (FAC, ECF No. 63.) On October 31, 2024, Hu executed a waiver of service of the summons, thus making her response to the FAC due by December 30, 2024. (*See* Hu's Waiver of Service, ECF No. 68.) On November 4, 2024, District

Judge Torres entered an Order requiring the parties to submit a revised case management plan by November 22, 2024. (11/4/24 Order, ECF No. 76.)

On November 20, 2024, Hu filed a Letter Motion seeking an extension of the deadline for the parties to submit their revised case management plan. (Hu's 11/20/24 Ltr. Mot., ECF No. 84.) In such Letter Motion, Hu requested "that the date of submission of a revised joint case management plan be reset to a date that is the later of (1) January 14, 2025 (if Hu files an Answer to the FAC) or 14 days after the Court decides a Motion to Dismiss, if Hu responds to the FAC in that fashion." (*Id*. at 3.) In the alternative, if the Court determined that a revised case management plan must be submitted, Hu requested that the fact discovery deadline be set at July 31, 2025 and that the expert discovery deadline be set at September 15, 2025. (*Id*. at 3-4.) On November 21, 2024, Plaintiffs opposed Hu's November 20 Letter Motion. (Pls.' 11/21/24 Resp., ECF No. 85.) Thereafter, on November 21, 2024, District Judge Torres entered an Order granting the requested extension of the deadline to submit a proposed revised case management plan, but stated that the proposed plan must contain a March 31, 2025 deadline for the completion of fact discovery and an April 30, 2025 deadline for completion of expert discovery. (11/21/24 Order, ECF No. 86.)

On November 22, 2024, Plaintiffs served their First Request for Production of Documents to Hu. (Hu's 12/20/24 Ltr. Mot. at 1.) On December 13, 2024, the parties filed the proposed revised case management plan. (12/13/24 Proposed Case Mgt. Plan, ECF No. 90.) On December 16, 2024, Judge Torres entered the revised Case Management Plan setting a deadline for completion of fact discovery of March 31, 2025 and a deadline for completion of expert discovery of April 30, 2025. (12/16/24 Case Mgt. Plan, ECF No. 91, at 1-2.)

On December 20, 2024, Hu filed the instant Letter Motion to stay discovery. (*See* Hu's 12/20/24 Ltr. Mot.) On December 26, 2024, Plaintiff filed a letter in opposition to Hu's Letter Motion. (Pls.' 12/26/24 Resp., ECF No. 93.)

In accordance with District Judge Torres's Individual Rules, prior to the December 30, 2024 deadline for Hu to respond to the FAC, the parties exchanged, but did not file to the ECF docket, pre-motion letters regarding Hu's anticipated motion to dismiss.[2] On January 2, 2025, the Court held a telephone conference to address Hu's motion to stay discovery.

## **LEGAL STANDARDS**

Under Rule 26(c) of the Federal Rules of Civil Procedure, a court for "good cause" may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). "'[U]pon a showing of good cause a district court has considerable discretion to stay discovery' pursuant to Rule 26(c)." *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (quoting *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013)). "The burden of showing good cause for the issuance of a protective order falls on the party seeking the order." *Id.* (citing *Brown v. Astoria Fed. Sav. & Loan Ass'n*, 444 F. App'x 504, 505 (2d Cir. 2011)). "To establish good cause under Rule 26(c), courts require a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Id.* (*quoting Jerolimo v. Physicians for Women, P.C.*, 238 F.R.D. 354, 356 (D. Conn. 2006)).

---

[2] At the request of the Court, the parties sent via email copies of these pre-motion letters to the Court, which the Court has reviewed.

4

"[D]iscovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Republic of Turkey*, 316 F. Supp. 3d at 677 (quoting *Hong Leong*, 297 F.R.D. at 72). "[A] court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case." *Id*. "Courts should consider multiple factors, including the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay." *Id*. (quoting *Country Club of Fairfield, Inc. v. N.H. Ins. Co*., No. 13-CV-00509 (VLB), 2014 WL 3895923, at *3 (D. Conn. Aug. 8, 2014)); *see also Amron v. 3M Minnesota Mining & Manufacturing Company*, No. 23-CV-08959 (PKC) (JMW), 2024 WL 263010, at *2 (E.D.N.Y. Jan. 24, 2024) ("In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: (1) whether the Defendant[] has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay.") (citation and quotation marks omitted).

"[T]he Federal Rules entrust the Court with the discretion to determine if a stay is warranted." *Short v. City of Rochester*, No. 22-CV-06263 (EAW) (MJP), 2024 WL 4002449, at *2 (W.D.N.Y. Aug. 30, 2024) (citing *Kaplan v. Lebanese Canadian Bank, SAL*, 610 F. Supp. 3d 533, 534 (S.D.N.Y. 2022)).

**ANALYSIS**

The Court, in its discretion, after applying the relevant factors, finds that Hu has not met her burden to show good cause to stay discovery pending resolution of her motion to dismiss.

First, with respect to the breadth and burden of discovery, Hu states that Plaintiffs served her with 24 document requests that she contends are identical to requests previously served on EJR and Egan. (Hu's 12/20/24 Ltr. Mot. at 1.) Hu does not object to the scope of any specific requests.[3] However, she argues that responding will be burdensome because she will have to spend time and incur legal fees in order to review and evaluate the requests. (Hu's 12/20/24 Ltr. Mot. at 3.) As Plaintiffs point out, some burden exists in all discovery and Hu has not presented specific facts as to burden. (Pls.' 12/26/24 Resp. at 3.) Courts frequently decline to issue similar stays "where defendants fail to show why discovery would be burdensome." *Bennett v. Cuomo*, No. 22-CV-07846 (VSB), 2023 WL 2021560, at *4 (S.D.N.Y. Feb. 15, 2023) (citing cases). Moreover, even if Hu does not continue to be a named defendant in this action, she will remain an important witness and, thus, it is inevitable that some discovery may be obtained from her regardless of the outcome of her motion. *See id.* (denying motion to stay where, *inter alia*, stay would not meaningfully reduce discovery burdens); *see also Hollins v. U.S. Tennis Ass'n*, 469 F. Supp. 2d 67, 79 (E.D.N.Y. 2006) ("Given the allegations in the complaints, the moving defendants are important witnesses in this case[,]" thus, "[e]ven assuming the moving defendants[] are dismissed, it is likely that the plaintiffs will continue to conduct discovery regarding these defendants as non-parties.").

---

[3] Regardless, even if one or more of the requests is objectionable in whole or in part, Hu—after meeting and conferring with Plaintiffs—can seek appropriate relief from the Court, if and as needed. *See Nam v. Permanent Mission of Republic of Korea to United Nations*, No. 21-CV-06165 (AJN), 2022 WL 44772, at *1 (S.D.N.Y. Jan. 4, 2022) ("If Defendants believe Plaintiff's discovery requests exceed the scope of Rule 26 . . . then Defendants may, after meeting and conferring with Plaintiff, file an objection." (citation omitted)).

Second, the Court finds that there would be at least some prejudice to Plaintiffs if a discovery stay were entered. Although Hu asserts that Plaintiffs are engaged in discovery with EJR and Egan, Plaintiffs argue that the document requests addressed to Hu are not duplicative of those addressed to EJR and Egan and that documents from Hu's personal devices are important given their allegations that she continues to exert influence over the company after her alleged resignation. (Pls.' 12/26/24 Resp. at 2.) At a minimum, a stay of discovery with respect to Hu would delay this discovery. In any event, "lack of prejudice alone does not merit a stay." *Bennett*, 2023 WL 2021560, at *5. Given the other two factors, the Court finds that a stay would not be warranted even if there were no prejudice to Plaintiffs.

Finally, the Court finds that Hu has not made a "strong showing" that Plaintiffs' single claim against Hu under SOX is unmeritorious.[4] *See Nam*, 2022 WL 44772, at *1 (quoting *Mirra v. Jordan*, No. 15-CV-04100 (AT) (KNF), 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016)). "[T]his factor is not, and should not, be a way to obtain an initial ruling on the viability of" Plaintiffs' case. *See Nielsen Co. (US) LLC v. TVSquared LTD*, No. 23-CV-01581 (VSB), 2023 WL 4363005, at *1 (S.D.N.Y. July 6, 2023) ("A motion for a stay is not a vehicle for jumping the queue to receive a preliminary ruling on a motion to dismiss ahead of motions on the Court's docket that have been longer pending."). "When determining if a defendant has shown that a plaintiff's claims are unmeritorious, courts have looked to whether the complaint is facially without merit or whether the plaintiff has been unable to cite relevant authority in response to a defendant's challenge." *Id.* (citations omitted). "Conversely, a court is less likely to find that a plaintiff's case is

---

[4] Although the FAC appears to assert all three claims against Hu (*see* FAC ¶¶ 141-80), Plaintiffs have conceded that they are not pursuing the first two claims against Hu. (Pls.' 12/26/24 Resp. at 2.)

unmeritorious when both the defendant and plaintiff can make 'strong arguments' in support of their positions." *Id*. (quoting *Guiffre v. Maxwell*, No. 15-CV-07433 (RWS), 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016)).

In the present case, the lynchpin for Hu's argument that the SOX claim should be dismissed against her is that, because of the statute of limitations, Plaintiffs only may assert claims as to events after September 16, 2023, and Hu resigned her employment on August 8, 2023. (Hu's 12/20/24 Ltr. Mot. at 3.) However, Plaintiffs plausibly have alleged that Hu (who, again, is Egan's spouse) remained involved in EJR's operations even after her resignation. (*See* FAC ¶¶ 68-71.) Thus, Hu has not made a "strong showing" that Plaintiffs' SOX claim against Hu is time-barred and therefore not meritorious. *See Bennett*, 2023 WL 2021560, at *3 ("[W]hen an assessment of the merits of a plaintiff's case involves a fact-intensive analysis . . ., courts have declined to conclude that a plaintiff's claims are unmeritorious.").

Accordingly, considering the relevant factors, a discovery stay is not warranted.

## CONCLUSION

For the foregoing reasons, Hu's Letter Motion (ECF No. 92) is DENIED.

**SO ORDERED.**

Dated:   New York, New York
         January 2, 2025

_____
STEWART D. AARON
United States Magistrate Judge