```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/28/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Michael Brawer et al.,

                      Plaintiffs,

-against-

Egan-Jones Ratings Company et al.,

                      Defendants.

1:24-cv-01895 (AT) (SDA)

OPINION AND ORDER

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is a Letter filed by Defendants Egan-Jones Ratings Company ("EJR") and Sean Egan (together, the "EJR Defendants"), seeking to compel Plaintiffs Michael Brawer ("Brawer") and Philip Galgano (together, "Plaintiffs") to supplement their production of documents responsive to the EJR Defendants' Request for Production ("RFP") No. 49. (EJR Defs.' 3/21/25 Ltr., ECF No. 127.) For the reasons set forth below, it is hereby ORDERED that Plaintiffs shall produce documents responsive to RFP No. 49 for the period January 1, 2023 through January 3, 2024.

## BACKGROUND

On March 13, 2024, Plaintiffs filed a Complaint against the EJR Defendants alleging two claims for relief—a claim for retaliation in violation of the Dodd Frank Wall Street Reform and Consumer Protection Act of 2010, 15 U.S.C. § 78u-6(h), and a claim for retaliation in violation of New York Labor Law § 740. (Compl., ECF No. 1, ¶¶ 140-66.) On October 24, 2024, Plaintiffs filed their First Amended Complaint,[1] adding a third claim for relief alleging retaliation in violation of

---

[1] Plaintiffs were granted leave to amend by Opinion and Order, dated October 18, 2024. *See Brawer v. Egan-Jones Ratings Co.*, 347 F.R.D. 650 (S.D.N.Y. 2024).

the Sarbanes-Oxley Act of 2002, and naming Wenrong Hu, a former senior employee of Egan-Jones, as an additional defendant in this action. (FAC, ECF No. 63, ¶¶ 9, 168-80.)

In the FAC, Plaintiffs alleged that, as a result of their good faith reports of potential violations of federal securities law, they were harassed and threatened with demotion and termination of their employment at EJR and that, after Plaintiffs submitted their formal whistleblower complaints to the Securities and Exchange Commission, EJR terminated their employment on January 3, 2024, using the false pretense of a reorganization, when in fact the terminations were in retaliation for their reports of illegal conduct. (FAC ¶¶ 2-3, 137.) Plaintiffs also alleged that neither of them received any adverse performance review prior to their terminations. (*Id*. ¶ 139.)

In their Answer to the Amended Complaint, the EJR Defendants assert the following defenses, among others:

> "All employment actions taken by Defendants and which are a subject of the First Amended Complaint were taken for legitimate, non-retaliatory reasons" (Ans. to FAC, ECF No. 87, at PDF p. 64, ¶ 1) (hereinafter, the "First Defense"), and

> "Even if Plaintiffs could establish that their alleged protected activities were a contributing factor in any adverse employment action, their claims would fail because Defendants would have made the same employment decisions regarding Plaintiffs in the absence of any such protected activities." (*Id*. at PDF pp. 64-65, ¶ 5) (hereinafter, the "Fifth Defense").

During discovery, the EJR Defendants served RFP No. 49, seeking the production of "[a]ll Documents that relate to [Plaintiffs'] efforts, since January 1, 2023, to obtain employment or other work of any kind." (Ex. A to EJR Defs.' 3/21/25 Ltr., ECF No. 127-1, at PDF p. 3.) Plaintiffs objected to producing documents for the period prior to Plaintiffs' January 3, 2024 termination date, but agreed to produce "reasonably accessible records [that] fall within the time frame

2

between January 3, 2024 and June 14, 2024." (*Id*.) The EJR Defendants now seek to compel production of documents responsive to RFP No. 49 for the period from January 1, 2023 through January 3, 2024. (EJR Defs.' 3/21/25 Ltr. at 3.) Plaintiffs oppose, arguing that the documents sought are not relevant to the claims or defenses in this action. (Pls.' 3/26/25 Ltr., ECF No. 130, at 1-3.)[2]

## LEGAL STANDARDS

Rule 26 of the Federal Rules of Civil Procedure permits the parties to obtain discovery regarding any nonprivileged matter that is "relevant to a party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). It is within a Magistrate Judge's discretion to decide whether discovery requests are relevant and proportional. *See Radio Music License Comm., Inc. v. Broad. Music, Inc.*, 347 F.R.D. 269, 273 (S.D.N.Y. 2024).

## ANALYSIS

After careful review of the record before the Court, including the EJR Defendants' March 21, 2025 letter, Plaintiffs' March 26, 2025 letter and the EJR Defendants' reply letter (EJR Defs.' Reply, ECF No. 132), together with the exhibits to those letters, the Court finds, in its discretion, that the documents sought by the EJR Defendants are relevant and that their production is proportional to the needs of the case.

The documents are relevant in the following ways:

---

[2] When Plaintiffs filed their March 26, 2025 letter, they redacted from public view only the contents of Exhibit B thereto (*see* ECF No. 130-2), and filed under seal an unredacted version of Exhibit B. (*See* ECF No 130-2.) Exhibit B is an excerpt from the deposition of Brawer, which does not appear to the Court to contain any confidential information. As set forth in the Conclusion below, Plaintiffs shall show cause no later than April 4, 2025, why ECF No. 131 should not be unsealed (since Exhibit B is the only portion of ECF No. 131 that currently is not public).

3

First, the documents are relevant to the EJR Defendants First Defense that they had legitimate, non-discriminatory reasons for terminating Plaintiffs.[3] Documents reflecting that Plaintiffs were exploring other job opportunities prior to their termination tend to show their lack of commitment to EJR and concomitant decreased performance, as corroborated by contemporaneous documents supplied by the EJR Defendants.[4] *See Annabelle K. Garrett, LLC v. Axiom Int'l Invs., LLC*, No. 3:07-CV-01341 (WWE) (HBF), 2008 WL 1848880, at *3 (D. Conn. 2008) (finding information regarding terminated plaintiff's "search for employment during her employment" relevant to performance-related defense).

Second, the Court agrees with Defendants that the documents are relevant to Brawer's credibility given Brawer's deposition testimony, which when read in totality, suggests that Brawer's recall of the dates when he submitted job applications may not be entirely accurate. (Ex. D to EJR Defs.' 3/21/25 Letter.) *See Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, No. 13-00373 (SDD) (EWD), 2018 WL 1229752, at *3 (M.D. La. Mar. 9, 2018) ("Evidence regarding witness credibility and potential bias is relevant."); *Kaplan v. S.A.C. Cap. Advisors, L.P.*, No. 12-CV-09350 (VM) (KNF), 2015 WL 5730101, at *2 (S.D.N.Y. Sept. 10, 2015) (permitting discovery of documents relevant to credibility issues).

Moreover, the Court finds that the production of the requested documents does not create an undue burden on Plaintiffs, and thus that the production is proportional to the needs of the case.

---

[3] The documents also would appear to be relevant to the Fifth Defense.

[4] The documents supplied by the EJR Defendants to which the Court refers are Exhibit I to the EJR Defendants' March 21, 2025 letter (ECF No. 127-9), and Exhibits 1 through 4 of the EJR Defendants' Reply Letter. (ECF Nos. 132-1 to 132-4.)

**CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that, no later than April 4, 2025, Plaintiffs shall produce documents responsive to RFP No. 49 for the period January 1, 2023 through January 3, 2024. In addition, Plaintiffs shall show cause no later than April 4, 2025, why ECF No. 131 should not be unsealed.

**SO ORDERED.**

Dated:    New York, New York
          March 28, 2025

_____
STEWART D. AARON
United States Magistrate Judge

5